UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DANIEL T. WARREN,

                Plaintiff,

v.                                              **DECISION AND ORDER**
                                                              06-CV-0226S
UNITED STATES OF AMERICA, et al.,

                Defendants.

1.     Plaintiff commenced this action for declaratory and injunctive relief on April 6, 2006, and filed an Amended Complaint on August 16, 2006. On October 2, 2006, Plaintiff filed a Motion to Amend/Add Parties. That motion, seeking leave to file a Second Amended Complaint, was replaced by a Motion to Amend/Correct filed on October 5, 2007, and later, by a Motion to Amend/Correct filed on March 16, 2009.[1] Plaintiff's latest proposed pleading seeks to add as defendants: (1) Barry E. Snyder, Sr., as President of the Seneca Nation of Indians; (2) E. Brian Hansberry, as President and Chief Executive Officer of the Seneca Gaming Corporation; and (3) the Seneca Gaming Corporation. In addition, Plaintiff seeks to add a new fourth cause of action to allege that the National Indian Gaming Commission improperly approved the Seneca Nation of Indians' gaming ordinance and its subsequent amendments thereto.[2]

---

[1] The October 2, 2006 Motion to Amend (Docket No. 28) was terminated on July 31, 2008, due to its replacement by the October 5, 2007 Motion (Docket No. 43). Likewise, Plaintiff's March 16, 2009 Motion (Docket No. 72) rendered the October 5, 2007 Motion moot. (*See* Docket No. 75.)

[2] The four claims asserted in the Amended Complaint remain essentially the same in the proposed second amended complaint, but have grown increasingly verbose. They appear in the proposed pleading as claims one, two, three, and five.

1

2. In response to Plaintiff's Motion to Amend/Correct, the Seneca Nation of Indians (the "SNI") filed a Motion for leave to file a brief *amicus curiae.* (Docket No. 78.) The parties were given the opportunity to file responses in support or opposition to the SNI's motion, and Plaintiff filed a memorandum in opposition. The SNI's Motion is now fully briefed and ready for disposition.

3. A district court has broad discretion to grant or deny an appearance as *amicus curiae* in a given case. United States v. Ahmed, 788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992), *aff'd*, 980 F.2d 161 (2d Cir. 1992). "'The usual rationale for *amicus curiae* submissions is that they are of aid to the court and offer insights not available from the parties.'" Onondaga Indian Nation v. State of New York, 97-CV-445, 1997 U.S. Dist. LEXIS 9168 at *7 (N.D.N.Y. June 25, 1997) (quoting United States v. El-Gabrowny, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994)). Judge Posner concisely described the circumstances under which an *amicus* brief is desirable in Ryan v. Commodity Futures Trading Comm'n:

> An *amicus* brief should normally be allowed when a party is not represented competently or is not represented at all, when the *amicus* has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the *amicus* to intervene and become a party in the present case), or when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. Otherwise, leave to file an *amicus curiae* brief should be denied.

125 F.3d 1062, 1063 (7th Cir. 1997) (citations omitted).

4. The SNI is seeking to file an *amicus* brief on the issue of whether the addition of claims against Snyder, Hansberry, and the Seneca Gaming Corporation is futile because the proposed defendants enjoy sovereign immunity from this suit. This argument was not advanced by any current Defendant in the first instance.

5. After the SNI filed its motion and proposed *amicus* brief, the United States filed a response to Plaintiff's Motion to Amend/Correct in which it stated that it concurs with the SNI's arguments relative to sovereign immunity. (Docket No. 81, relying on its prior submission at Docket No. 64.) However, the United States did not make any arguments in opposition to the addition of these parties in the first instance, and absent the SNI's memorandum, the briefing in opposition to Plaintiff's motion simply contains an assertion of sovereign immunity, with no legal analysis.

6. Plaintiff opposes the granting of *amicus curiae* on three grounds: (1) the SNI is not an impartial entity; (2) it is the federal government that should make sovereign immunity arguments on behalf of the proposed defendants; and (3) the SNI can and should move to intervene in this action, rather than seek *amicus curiae* status. None of these arguments is persuasive for the reasons given below.

7. Plaintiff first contends that a condition for granting *amicus curiae* status is that the petitioner should not be partial to a particular outcome in the case. The cases and treatise Plaintiff relies on simply do not support his contention that such a condition exists. For example, one of Plaintiff's cited cases, Waste Management of Pa., Inc. v. City of York, expressly observes that "by the nature of things an *amicus* is not normally impartial," 164 F.R.D. 34, 36 (M.D. Pa. 1995). Plaintiff's unsupported premise is not a basis to deny the SNI's motion. Furthermore, the Court notes that the SNI is not advocating for a particular outcome on the merits. Rather, it is concerned solely with a threshold immunity issue.

8. Plaintiff's second argument is internally inconsistent and less than clear, but he appears to urge that courts should decline to consider legal issues or arguments raised only

3

in an *amicus* brief, absent some exceptional circumstance. While this Court generally agrees, I find it is appropriate to accept the SNI's brief here.

9. The question of sovereign immunity bears directly on the issue of this Court's jurisdiction, and a federal court "may examine subject matter jurisdiction, *sua sponte,* at any stage of the proceedings." Adams v. Suozzi, 433 F.3d 220, 224 (2d Cir. 2005) (quoting F.D.I.C. v. Four Star Holding Co., 178 F.3d 97, 100 n.2 (2d Cir. 1999)). If subject matter jurisdiction is lacking, the action or claim must be dismissed. *See* Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). Likewise, a motion to amend must be denied if it seeks to add claims over which the court lacks jurisdiction. The Second Circuit has expressed concern that claims with "a doubtful jurisdictional basis [are] being allowed to go to judgment on the merits," and has "urged counsel and district courts to treat subject matter jurisdiction as a threshold issue for resolution." United Republic Ins. Co. v. Chase Manhattan Bank, 315 F.3d 168, 170-71 (2d Cir. 2003). In other words, subject matter jurisdiction is an issue over which this Court must be vigilant, even where the parties fail to brief it. The SNI has a special interest in and expertise with regard to the scope of its sovereign immunity. In light of the Court's obligation to examine this jurisdictional issue, acceptance of the SNI's brief on this discrete issue is permissible. *See* NGV Gaming, Ltd. v. Upstream Point Molate, LLC, 355 F. Supp. 2d 1061, 1067-69 (N.D. Cal. 2005) (after reminding Indian tribe of the limits of amicus participation, court considered Rule 19 dismissal issue raised solely in amicus brief).

10. Finally, Plaintiff urges that, instead of seeking *amicus curiae* status to argue sovereign immunity, the SNI should move to intervene in this action. As this Court noted

4

in <u>Citizens against Casino Gambling in Erie County v. Kempthorne</u>, requiring the SNI to refile its motion as one to intervene would not alter the posture of Plaintiff's pending motion or this case as a whole, and would simply elevate form over substance, 471 F. Supp. 2d 295, (W.D.N.Y. 2007). It would require the SNI to waive sovereign immunity, at least on a limited basis, to argue the protection of sovereign immunity. Accordingly, I decline to deny the SNI's motion on this basis.

11. The Court finds that the SNI has an interest in the scope of its sovereign immunity that may be affected by a decision on Plaintiff's motion. The Court has reviewed the SNI's *amicus* brief and finds that, in addition, it offers analysis that the Defendants have been unable or unwilling to provide. In light of the foregoing, the request to file a brief *amicus curiae* is granted.

12. The SNI hereby is directed to file its brief *amicus curiae* on or before June 16, 2009.

SO ORDERED.

Dated: June 15, 2009
Buffalo, New York

                                               /s/William M. Skretny
                                                WILLIAM M. SKRETNY
                                                United States District Judge